**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

                                                     **MEMORANDUM AND ORDER**

       -against-

                                                     **09-MJ-75 (RLM)**

**CARMEN COLON,**

                            **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is an application by the government for a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), to explore a potential conflict of interest in this misdemeanor prosecution; specifically, the government cites the possibility that two law students representing defendant Carmen Colon ("defendant") will be called to testify on her behalf in the event that either of two potential defense witnesses, Dariliz Sosa ("Sosa") and Crystal Colon ("Colon"), asserts her Fifth Amendment privilege against self-incrimination at trial. See Letter from Monica E. Ryan, AUSA, to the Court (Feb. 25, 2009) ("2/25/09 Gov't Letter"), ECF Docket Entry ("D.E.") # 6, at 2-3. In connection with that application, the government requests that independent counsel be appointed for defendant to advise her with respect to the potential conflict of interest. See id. at 3.

      The government additionally asks that independent counsel be appointed for Sosa and Colon to advise them of their Fifth Amendment rights, as well as to provide counsel at trial should they be called to testify. See id. Finally, the Government seeks a court order "preclud[ing] any defense motions regarding the government's discretion to bring charges under the Assimilative Crimes Act [("ACA")], 18 U.S.C. § 13, after trial in this case has

begun." Id. at 1.

For the reasons that follow, the government's (unopposed) request for appointment of independent counsel for Sosa and Colon is granted. The defense opposes the remaining requests, see Letter from David Klem, Counsel for Defendant, to the Court (Mar. 11, 2009) ("3/11/09 Def. Letter"), D.E. # 10, at 1-2, which are hereby denied.

## DISCUSSION

**I. Request for a *Curcio* Hearing; Appointment of Independent Counsel for Defendant**

The defense has informed the Court that one of the law students present at the interviews of Sosa and Colon will not be representing defendant at trial. See id. at 1-2. The defense has also advised that defendant has been informed of that fact, as well as of the possibility that the law student could serve as a witness to the statements of Sosa and Colon at trial. See id. at 2.

Because the law student has been removed from defendant's trial team, and no evidence has been presented that the law student at any time represented either potential witnesses, there is no possibility that defendant might be constrained to "forgo important testimony by [her] attorney because of [her] attorney's continued representation of [her]." United States v. Kliti, 156 F.3d 150, 155 (2d Cir. 1998) (citations omitted). Accordingly, neither a *Curcio* hearing nor the appointment of independent counsel for defendant is warranted.

**II. Appointment of Independent Counsel for Dariliz Sosa and Crystal Colon**

Sosa and Colon have both provided statements to the defense that implicate themselves in the offenses for which defendant is charged. The government maintains that their "admissions have subjected them to possible criminal liability[,]" 2/25/09 Gov't Letter, at 3,

and that therefore, appointment of independent counsel is warranted. Defendant does not oppose the government's request. See 3/11/09 Def. Letter, at 2.

The ACA expressly assimilates state law with respect to crimes and punishments. See 18 U.S.C. § 13. There is scant authority, however, on the issue of whether the ACA likewise assimilates state law statutes of limitations; indeed, no circuit court has considered that issue. But the few district courts that have done so are in agreement that, under the ACA, the statute of limitations is governed by federal law. See United States v. Stoddard, No. CR-S-05-0552 (KJM), 2006 WL 1062041, at *2 n.2 (E.D. Cal. Apr. 21, 2006); United States v. Parades, 751 F.Supp. 1288, 1292-93 (N.D. Ill. 1990); United States v. Johnston, 699 F.Supp. 226, 227-29 (N.D. Cal. 1988); United States v. Andem, 158 F. 996, 999-1000 (D.N.J. 1908). Accordingly, the statute of limitations applicable to violations of the ACA is five years. See 18 U.S.C. § 3282(a).

Here, the offenses charged are alleged to have occurred on September 15, 2005. See 2/25/09 Gov't Letter, at 1. As the applicable statute of limitations has not expired, the government may still charge Sosa (who is a minor) and Colon (who was a minor at the time of the alleged offenses) in connection with those offenses. Because any testimony taken from Sosa and/or Colon could potentially be used against them in court, they should be advised – by independent counsel, and prior to testifying at trial – of their rights pursuant to the Fifth Amendment to the United States Constitution.

Accordingly, the Court in its discretion appoints independent counsel from the Criminal Justice Act panel to advise these potential witnesses prior to testifying at trial. Counsel shall appear on April 1, 2009, at 9:30 a.m., and shall separately advise Sosa and Colon of their

Fifth Amendment rights prior to the defendant's case in chief.

### III. Preclusion of Defense Motions

The government cites no authority for its request that the Court preclude any defense motions challenging its exercise of discretion under the ACA; and the Court is aware of no such authority. Defendant is correct that she has the right to "challeng[e] the legality or propriety of the charges against her[,]" 3/11/09 Def. Letter, at 2, and the government cannot presume to dictate whether, when, or how defendant mounts such a challenge. In any event, defendant maintains that she does not anticipate raising any claim pertaining to the government's decision to charge her under the ACA, see id., so this issue is, in all likelihood, purely academic.

### CONCLUSION

For all of the foregoing reasons, the government's request for appointment of independent counsel for Dariliz Sosa and Crystal Colon is granted.

The government's remaining requests are denied. Trial shall commence before the undersigned magistrate judge on April 1, 2009 at 9:30 a.m.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 23, 2009**

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE